{¶ 22} Although the record before this Court does not support a finding that Appellant was incompetent to admit to the charges brought against him, the record does reveal in a rather clear fashion that there are perhaps a variety of mental health issues facing Appellant.
 {¶ 23} I write separately to emphasize the importance of continued improvement in the area of the mental health assessment of juveniles. There is no doubt that our juvenile courts have made great strides in recent years in assessing the mental health of juveniles. These continuing improvements are vital to the success of our juvenile court system. Studies have shown that between one-half and three-quarters of juveniles in the justice system are in need of mental health services. Teplin, Linda A., Psychiatric Disorders in Youth in Juvenile Detention (2002), 59 Archives Gen. Psychiatry 1133, 1135; Handle with Care: Serving the Mental Health Needs of Young Offenders, Coalition for Juvenile Justice, (2000), available at http://www.juvjustice.org. These same studies indicate that while successful treatments are available, only approximately one-third of juveniles in need of mental health interventions actually receive them. Id. Instead, almost two-thirds of the total amount of money expended in the juvenile justice system is spent on housing juveniles in lockup. Id.
 {¶ 24} There is no simple solution to the problem facing juvenile courts with regard to mental health assessments. However, those same national studies have shown that recidivism rates on average are twenty-five percent lower for juvenile offenders who receive meaningful treatment. Id. Some highly successful programs, such as Youth Villages, have reduced recidivism rates by as much as eighty percent. Id.
 {¶ 25} In the instant case, Appellant was placed in seven different out-ofhome environments in the sixteen months prior to his arrest. Prior to this case, Appellant had also been adjudicated delinquent on three occasions. In addition, Appellant received counseling services from Northland Counseling, Cloverleaf High School, Catholic Charities, and Cornerstone Psychological Services. However, despite this history and repeated requests by his GAL that Appellant's mental health be assessed, the trial court in the instant matter never had a professional examine Appellant. While Appellant was ordered to complete a sex offender program, that program will likely treat Appellant's symptoms, not his disorder. Given the success of newly developed treatment programs, the juvenile court should be reluctant to give up on a youth, and instead, should pursue every avenue that leads to rehabilitation rather than recidivism.